In re SEAMAN FURNITURE COMPANY OF UNION SQUARE, INC. et al., Debtors.

**Barbara MAXWELL, Appellant,**

v.

**SEAMAN FURNITURE COMPANY, INC., Appellee.**

No. 92 Civ. 6787 (PKL).

United States District Court, S.D. New York.

Oct. 28, 1993.

Barbara Maxwell, appellant pro se.

Shearman & Sterling by Andrew B. Janszky, Mark J. Shapiro, Barbara J. Gould, New York City, for appellees.

### OPINION AND ORDER

LEISURE, District Judge,

Barbara Maxwell appeals from an Order of the United States Bankruptcy Court for the Southern District of New York, dated July 24, 1992 (the "Order") allowing her claim to the extent of $794.07 only and disallowing all other amounts. For the following reasons, the Court hereby affirms the Order.

## BACKGROUND

On October 6, 1987 Appellant purchased a five-piece furniture set from Appellee Seaman Furniture, Inc. ("Seaman Furniture") for approximately $2,300, paying approximately $550 as a down payment and agreeing to pay the balance to Avco Financial Services of New York, Inc. ("Avco"). Appellant failed to pay the balance owed, asserting that the furniture was damaged or defective. Avco commenced a civil action in New York District Court for Nassau County against Appellant and, anticipating the defense that the furniture was damaged, against Seaman Furniture. Appellant counterclaimed for in excess of $100 million including the return of her down payment and damages for various injuries including trespass and pain and suffering.

On December 26, 1989, the Nassau County District Court granted a motion by Seaman Furniture to dismiss Appellant's claims. However, on May 7, 1991 the Appellate Term of the New York Supreme Court for the 9th and 10th Judicial Districts reversed the District Judge's decision and reinstated Appellant's claims.

In June 1991, the dispute was submitted to non-binding arbitration. The arbitrator found that Seaman should pay the Appellant $794.07 (representing her down payment and C.O.D. costs) and that Seaman Furniture should be allowed to repossess the furniture. On August 21, 1991 Appellant filed an objection to the arbitrator's decision, demanding a trial *de novo*.

On January 3, 1992, Seaman Furniture filed for protection in the United States Bankruptcy Court for the Southern District of New York under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1101 *et seq.* Appellant filed proofs of claim against Seaman Furniture asserting an unsecured claim for $50,168,267.00 together with a priority claim for $517.00.

On July 2, 1992, Seaman Furniture moved the Bankruptcy Court to disallow Appellant's claim. On July 23, 1992, the Bankruptcy Court conducted a hearing on the motion and on July 24, 1992 issued the Order herein

**42**

appealed allowing Appellant's claim to the extent of $794.07 and disallowing all other amounts.

## DISCUSSION

 This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158. Under 11 U.S.C. § 502(c)(1) the Bankruptcy Court must estimate "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." Estimation is an expedient method for setting the amount of a claim that may receive a distributive share from the estate. *In re Thomson McKinnon Sec., Inc.,* 143 B.R. 612, 619 (Bankr.S.D.N.Y.1992). In estimating the claim, the bankruptcy court may use whatever method is best suited to the circumstances. *In re Brints Cotton Mktg., Inc.,* 737 F.2d 1338, 1341 (5th Cir.1984); *McKinnon* at 619. A bankruptcy court's decision to employ a particular means of estimating a claim may be reversed only for abuse of discretion. *In re Continental Airlines,* 981 F.2d 1450, 1461 (5th Cir.1993); *Brints,* 737 F.2d at 1341; *Bittner v. Borne Chemical Co.,* 691 F.2d 134, 136 (3d Cir.1982).

In the instant case, Judge Conrad used a non-binding arbitral decision as the basis for estimating Appellant's claim. The Appellant provided no evidence to Judge Conrad, nor to this Court, that the arbitrator's decision was procedurally or substantively flawed.[1] Consequently, Judge Conrad acted within his discretion in using the arbitral decision as a basis for estimating Appellant's claim.

The standard for reviewing the factual findings underlying Judge Conrad's estimate of the claim is provided by Rule 8013 of the Federal Rules of Bankruptcy Procedure, which directs that such findings will be set aside only if they are shown to be clearly erroneous. Fed.R.Bankr.Pro. 8013; *Bittner,* 691 F.2d at 136 n. 2. *See also In re Manville*

*Forest Products Corp.,* 896 F.2d 1384, 1388 (2d Cir.1990) (reversal is appropriate only when the court has "'the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948))).

In the instant case, Appellant has failed to provide evidence that Judge Conrad's estimate of her claim of $794.07 was inadequate and should have been closer to the more than $50 million that she seeks. Appellant has certainly not demonstrated that Judge Conrad's findings were clearly erroneous.

## CONCLUSION

For the foregoing reasons, the order of the Honorable Francis G. Conrad, United States Bankruptcy Judge, South District of New York, dated July 24, 1992, allowing Appellant's claim in the amount of $794.07 and disallowing all other amounts, is hereby affirmed.

**SO ORDERED**

---

1. Appellant did suggest to the Bankruptcy Court that the arbitrator's decision was a "nullity." *See* Appendix to Appellant's Brief, dated October 26, 1992, at p. 41 (transcript of the hearing before Judge Conrad on July 23, 1992). Generously interpreted, Appellant may have been arguing that the arbitrator's decision had no legal force since the arbitration was non-binding and the Appellant had rejected the decision. However, this argument did not establish that the arbitrator's decision was an inappropriate basis for estimating Appellant's claim.